UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAS FORWARDING (USA), INC.,

    Plaintiff,

v.                                                           CASE NO: 8:11-cv-875-T-26TBM

CORVEST ACQUISITION INC. and
CAMSING GLOBAL, LLC,

    Defendants.
_____/

**O R D E R**

Pending before the Court is Defendant Camsing Global LLC's (Camsing) Motion for Emergency Temporary Restraining Order and Incorporated Memorandum of Law to which is attached the supporting affidavit of its Chief Financial Officer, Mr. Gary Gobeli.[1] After careful consideration of Camsing's submissions, the Court concludes that the motion is due to be denied for the following reasons.

Federal Rule of Civil Procedure 65(b)(1)(B), as amended in 1966, constrains the ability of a district court to issue a temporary restraining order without written or oral notice, as Camsing seeks in this case, unless "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

---

[1] See docket 11. The Court notes that Camsing's counsel filed a similar motion at docket 10 which was not supported by am affidavit. Thus, the Court will deny that motion as moot by separate endorsed order.

According to the Advisory Committee Notes which accompany the 1966 amendments to this rule, "[i]n view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted." Consequently, as the Notes teach, "[b]efore notice can be dispensed with, the applicant's counsel *must* give his certificate as to any efforts made to give notice and the reasons why notice should not be required." (Emphasis added.) See also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cty., 415 U.S. 423, 432 n.7, 94 S.Ct. 1113, 1121 n.7, 39 L.Ed.2d 435 (1974) (noting that "[t]he 1966 Amendments to Rule 65(b), requiring the party seeking a temporary restraining order to certify to the court in writing the efforts, if any, which have been made to give either written or oral notice to the adverse party or his attorney, were adopted in recognition of the fact that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all.").

In this case, the only certification given by Camsing's counsel is the conclusory statement that "it would be imprudent to provide JAS [the Plaintiff] notice and an opportunity to be heard on the application for preliminary injunction as JAS is using the retention of the Product to require Camsing to pay for Product that it is not legally obligated to pay for and to force them into a Settlement." Consequently, Camsing's counsel concludes "[i]f given immediate notice, it is highly likely that JAS would immediately remove the Product or sell the Product."

In the Court's view, Camsing's counsel's certification does not comply with Rule 65(b)(1)(B), thereby prohibiting this Court from issuing a temporary restraining order. And, because no notice has been afforded Plaintiff, this Court likewise lacks the authority to issue emergency temporary injunctive relief at this juncture of the proceedings. See Granny Goose Foods, Inc. 415 U.S. at 433 n.7, 94 S.Ct. at 1121 n.7 (observing that "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition."). Furthermore, the Court is not convinced from the self-serving, untested affidavit of Camsing's CFO that Camsing has demonstrated a likelihood of success on the merits. Finally, Camsing's counsel has failed to address another critical element necessary for the issuance of injunctive relief - that Camsing has no adequate remedy at law.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Camsing's Motion for Emergency Temporary Restraining Order (Dkt. 11) is denied.

**DONE AND ORDERED** at Tampa, Florida, on May 31, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record